IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **OJORE MULUMBA AJAMU, VII,** | ) | 4:10CV3220 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DOUGLAS COUNTY DISTRICT COURT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on November 15, 2010. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 11.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the Douglas County District Court, the Douglas County Correctional Center, the Lincoln Regional Center, the Omaha Police Department, and the City of Omaha. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges he did not receive adequate legal representation after he was wrongfully charged with the crime of assault because the Douglas County District Court appointed a former public defender to represent him and not a "Real, public defender." (Id. at CM/ECF p. 5.) Plaintiff seeks monetary relief and for the Douglas County District Court to vacate his sentences. (Id. at CM/ECF p. 6.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous

or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff alleges that he did not receive adequate legal representation after he was wrongfully charged with the crime of assault and he seeks for the court to vacate his criminal sentence. (Filing No. 1 at CM/ECF pp. 4-5.) Plaintiff's allegations amount to a claim for ineffective assistance of counsel and necessarily implicate the validity of his conviction and current confinement. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2. All pending motions are denied as moot;

3. A separate Judgment will be entered in accordance with this Memorandum and Order; and

4. The Clerk of the court is directed to send to Plaintiff the Form AO240, Application to Proceed Without Prepayment of Fees and Affidavit and the Form AO241, Petition for Relief From a Conviction or Sentence.

DATED this 5th day of January, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.